All right, Ms. Campoli, we'll hear from you again on this separate appeal. I think it'll work better if we can hear you, so we probably should turn on your microphone. Good morning, your honors. I apologize. My name is Lauren Campoli. I am representing Ms. Waralee Wanless. I am very appreciative of the court giving me a secondary appeal because the timing of this matter, the way that the district court ruled 141 days after the substantive appeal was already filed, denied Ms. Wanless the opportunity to have her brief and her arguments heard in a single appeal, and it denied her due process. I want to first at the threshold argue that the court should deem this forfeiture appeal moot. Ms. Wanless's convictions were in a very real sense based on inadmissible evidence of a separate conspiracy in 2013. I take grave issue with Mr. Boyne's characterization of these being false allegations of this being allegations. The egregious conduct of the government in this case was so bad that the district court took a shoot-the-messenger approach and absolutely utilized spurious language against me personally when I brought to fore the truth about how the government received the evidence and then what they did with it to secure this conviction. The reason why Ms. Wanless is actually innocent and forfeiture is completely moot in this case is because the government was not trying this case. The government was secretly without notice to Ms. Wanless trying the Addison case using evidence from the Addison case. So no matter where the Addison evidence was recovered, whether it was Ms. Wanless's house, whether it was Mr. Benson's house, whether the evidence was shipped from Mr. Benson, the last known holder of all of this evidence, because I subpoenaed the property receipts and found that all the evidence after the Addison case was released by property receipt to Mr. Casey Benson. So tell me, your honors, how is it possible that the evidence somehow surreptitiously and without any documentation ended up in the home of Ms. Worley Wanless? That's a Brady violation. We've heard that argument in the first case. This case is calendared is case number 21-1341 and your brief argues about the forfeiture order. Could you please address that? Thank you, your honor. I do apologize. I got off topic. But the reason why it is not off topic at all really is because when Mr. Blaine moved for forfeiture, he was moving for forfeiture of the evidence he purportedly rediscovered in Ms. Wanless's 2017 residence where she lived with her husband David. Now for an item to be forfeitable, there has to be some sort of nexus between the case that they proved and the criminal acts and the evidence that they are saying was utilized to in furtherance of the case that they proved, the conspiracy. In this case, Mr. Blaine filing this forfeiture request is asking for a bunch of electronics and items that were purportedly rediscovered from the old 2013 case in Ms. Wanless's residence. Now the nexus argument is subsumed by the substantive appeal because there is no nexus between an old discredited dismissed case that has no relationship to any person in this case at all and the the case that Mr. Blaine proved with this false theory that Ms. Wanless was running girls from hotels in 2014 to 2017 making her operating at the height of the conspiracy. Now the government has since conceded the hotel theory was completely wrong. They never, they never again argue the perjured testimony of Mr. John Chita, the jack of all trades IRS agent testifier was true. I mean it's outlandish and so what you see in the forfeiture request, what you would expect in a forfeiture request in the case that they quote-unquote proved with false testimony in this bad junk evidence is that you would expect what Ms. Provenzino was asking for on the day of the bail hearing. She's saying that $147,826 under no uncertain terms that constituted the unlawful proceeds of this conspiracy at the bail hearing. That is the case that they were trying to prove against Ms. Wanless and to do that they were also saying well there's 3,378 contacts in her cell phone. I mean she's a they were going to punish her for a case they couldn't prove that she proffered on for a case that they also couldn't prove because it wasn't true. So now we have a forfeiture where they're not asking for any of this money where she's saying that they're saying that she was uh you know running girls from hotels in 14 to 6 to 17 and owning women's debt. That's what Mr. Chita testified to. Completely erroneous and Ms. Provenzino knew it. So when Mr. Bowane had to ask for um a forfeiture he in an evidentiary about face says well hey now we're gonna ask for all the evidence from all the uh what we think is uh illicit proceeds from the unproven Addison case. How do we know it's not proven because uh well the Addison case wasn't even mentioned at the trial. They just pilfered the evidence somehow uh without any document that it was ever rediscovered in her residence and even if it was who cares it didn't relate to this case. So now uh at sentencing um Judge Frank made no findings about uh about Ms. Wallace's scope of in the conspiracy. He made no findings why he was assessing her 144 month um sentence and the government repeatedly put in Ms. Wallace's proffer. They kept saying here's her prophecy she's admitting she's guilty she's guilty. Your honors the proffer and what I had to take two years to understand is that the proffer directly related to the Addison case a case that they were not proven by prosecutorial design because it was impossible to prove because the chain of custody on the evidence in Addison was irrevocably broken when Casey Benson went to go pick it all up. So Casey Benson picks it all up and what drops it off at Ms. Wallace's house and somehow she's guilty of that conspiracy too impossible. So so they are asking now for the Addison uh uh funds a million dollars. They didn't even prove that case. They proved no connection to any other actor in the Addison case to this case which involves Noon, M, uh Mr. Morris. Ms. Wallace never knew Mr. Morris and when we came to sentencing and they were asking for forfeiture on the um on the Addison case I wouldn't agree to it because in part it would save their appeal but in secondary part they they they brought a picture that they knew of was another co-defendant and tried to claim that it was Ms. Wallace and Mr. Morris showing you how weak uh their trial evidence was and then they replied on multiple times on Ms. Wallace's proffer. Well that's not justice. We don't try people by proffer. The proffer was done with an interpreter. Uh the proffer was done with the same agent who failed to identify and validly inventory all the evidence that they have in those secret two boxes that they have and it was done by the same agent who also spoke to Casey Benson who never once at least in a ROI mentions how the physical evidence from Addison got back into Ms. Wallace's hands. He says I never saw her ever again after that. So pray tell was it just shipped in a box to the government said here you go use this as you see fit to convict someone and you know who it was? It was Ms. Wallace. Ms. Wallace was ultimately a victim of Noon. Um she was victimized by Noon and then Noon turned around and testified that well we were partners uh after I victimized her. I'm gonna argue that the the the forfeiture um was denied. I'm sorry the forfeiture was not the order was not um uh specifically not filed by Judge Frank. He said I will reserve the right to file a final order of forfeiture for a period of 30 days. Under 32.2 you can't do that. You have you must issue a final order of forfeiture under Trumbetta. That is because I'm sorry Libretti because that is a function of punishment and when he didn't do that he he he he basically he disallowed Ms. Wallace any opportunity um at that point to have her issues reviewed in this appeal. But further what he did was he said well you can object if you want and I did and I requested a hearing and then he denied that. But that hearing would have revealed what Mr. Buane then admitted was another Brady violation. Some of those phones they had in those boxes purportedly rediscovered in Ms. Wallace's residence were from the Addison case and used by Casey Benson and other uh uh co-defendants. So so Mr. Buane admits this in the filings but now Judge Frank silences us and he says well we're not I'm not giving you a hearing on forfeiture. But that hearing would have explained whether or if the government ever rediscovered any of this evidence in Ms. Wallace's residence and if they did how did they know the difference between what was rediscovered and what was actually stuff from her 2017 residence. Now when counsel at sentencing did you ask for the same forfeiture as one of the co-defendants? Yes yes your honorable Kelly I did as your honor may uh know as a criminal defense attorney sometimes a technique in a sentencing is to say look I'm asking for nothing I want no sentencing disparities I want to have a sentence that is akin to what you're claiming is the nexus to this conspiracy which was noon who committed horrendous acts and give me the 44 months. At that point in time I was in no real psychological position to uh uh sort of do anything that would um muddy the waters for Ms. Wallace um and the court made clear it's um displeasure um and did not want to conduct any more hearings or hear anything more about this case and so that that is what I asked for but then when the government um asked for forfeiture which was it was correct it was entitled to forfeiture at that time based on my argument when it didn't get what it wanted the government suffered an appealable event the government has never suffered an appealable event in this case in the past and has essentially just used all of the court's orders as optional um so so when it failed to appeal it waived the issue. All right uh your time's expired unless Judge Kelly has more to inquire all right very well thank you for your argument Mr. Bownie we'll hear from you. May it please the court Assistant United States Attorney Craig Bownie on behalf of the United States. I will start by very briefly addressing the issues that were raised by uh Wanda's counsel uh and I'll start with the point that literally none of those issues were in her statement of issues in the case they should all be deemed grave. She argues she's not guilty that's not in her statement of issues also a defendant cannot use the forfeiture proceeding to contest their underlying finding of guilt. She argues that no nexus was shown yet as I'll get to in a moment and it only procedural arguments on appeal. She argues that the United States has changed its theory with respect to forfeiture and argues that she was no longer involved in any conspiracy after the Addison arrest in 2013. That again is incorrect as the United States said at sentencing and throughout the forfeiture proceedings the United States had a better ability to estimate the proceeds of Wanda's houses of prostitution before the February 2013 arrest than it did afterwards therefore it rested its forfeiture request on those grounds where it had firmer evidence than it did after that time as to the amount of money that she made. Now I'd like to take a step back and go through a little bit of an overview of what happened here. The district court entered the preliminary order of forfeiture against Wanda's nine and a half months before her sentence. She did not contest it nor did she request a hearing at any time after that at any time after that was entered before or during her sentencing. The contrary at her sentencing she did address forfeiture but when she did she affirmatively requested that the court give her the same forfeiture as her co-defendant knew that's what she got nevertheless she's appealing that order. At sentencing the district court did hold the forfeiture open it did so for the parties to finalize its stipulation and if they couldn't do one is to file written submissions addressing the forfeiture. Wanda then submitted post-sentencing objections that bore no resemblance to her request at sentencing. Rather than asking for an order like Nunes she argued that no forfeiture order at all should be issued and she challenged the forfeiture of everything she also challenged her attempt at finding a kill. District court although Wanda's had district court even though this is different than what Wanda's had asked for at sentencing nevertheless considered those objections which it did and which then it rejected them through a detailed order. In this appeal Wanda's makes only procedural objections and they those procedural objections stem from the additional gratuitous opportunity that she was given to challenge the forfeiture after at the sentencing hearing and afterwards. She hasn't however appealed the legal merits of the district court's decision forfeiture order should be affirmed the district court's procedures complied with rule 32.2 and Wanda's received all of the process that was required by that rule plus an additional chance challenge court. The first argument that Wanda's makes in her opening brief is that the district court failed to include the forfeiture in the written judgment. She argued in her opening brief that as a result of that the forfeiture wasn't part of her sentence. She further argues that the government was required to appeal that alleged omission. Government pointed out that's several reasons but first and foremost is the fact that the written judgment that followed her sentence in fact included a written word of forfeiture. That argument was incorrect as a matter of record. In her reply she makes the argument that she referenced here today which is to argue that the oral pronouncement of sentencing controls and the extent that there's a conflict between the oral pronouncement of sentencing and the written judgment that's true but where she goes awry is that she misunderstands what the district court did at sentencing. But again I reiterate this argument wasn't made in her opening brief so it shouldn't be waived if it's considered to be rejected because as the district court said it's a nonsensical interpretation that supports what the district court actually did. The court held the forfeiture opening and gave the parties 30 days to see if they could reach a stipulation. If not the parties would make written submissions. The district judge held that no planned deadlines for the submissions instead he stated that the courtroom deputy would reach out to the parties to give them dates and that happened. For example minute entry 2021 is the minute order requiring the government to file a reply to Wallace's forfeiture response by November 30, 2020. Wallace takes district court out of context to imply that the district judge somehow divested himself of jurisdiction after he held the forfeiture open requiring himself to issue an order on the same date as oral response that argument shouldn't be considered but if it is it should be rejected. The other main argument that Wallace makes in her briefing is the argument that she was deprived to process rights and the court didn't hold a hearing on her forfeiture. This argument should be rejected for two reasons the first of which is that she waived it. She at the district court she not only had the opportunity to object to forfeiture but at her sentencing hearing the only thing she said about forfeiture and she affirmatively raised the issue of forfeiture she did so to ask that she get a forfeiture order like her co-defendant Neum. Neum's forfeiture order was a million dollar money judgment plus the forfeiture of some peripheral assets. That's what Wallace got by instead of requesting a for a instead of opposing the forfeiture contesting it or requesting a hearing instead of doing that she asked for that order she got it that should be deemed a waiver of this issue both of the amount of both of the contents of the forfeiture order as well as of her right to have a hearing. Even if she hadn't waived the right to contest the forfeiture at sentencing district court still would have been authorized to handle the forfeiture procedurally the way that it did. That's because it's unquestionable that at the time of sentencing the district court could have made the preliminary order of forfeiture final. That the district court chose to hold the forfeiture open uh to allow additional written submissions was not required by rule 32.2. It's essentially a gratuity on top of anything that's required by the rule. As a result the district court had no obligation to allow a hearing because we're already she had already received all the due process required by rule 32.2. We are now going beyond it in something that is not required by court. It did not therefore have an have a requirement to hold a hearing on her sentencing. Now it would be a very different case if one of us had submitted her objections the forfeiture a month or a week before trial possibly a different case or before sentencing possibly a different case if she'd done so at sentence but she didn't at sentencing she asked for a forfeiture order like submission. The last argument I would make is that um even if and the court were to find that there was somehow a um an error in the district in the way the district court handled this procedurally that error would be harmless. Juanma's hasn't appealed the merits of the district court's decision which included significant analysis of her post-sentencing objections. As a result she cannot establish that any procedural error relating to the denial of a hearing was not harmless but had no reason to find that a remand might lead to a different result. If there are no questions the government would rest on its briefing and ask for the judgment be affirmed. Very well you guys might want to work on your sound system there you're getting a lot of feedback. The case is submitted and the court will file a decision in due course. Thank you to both counsel.